UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHELLE BOWLING, SHANNON BOWLING, and LINDA BRUNER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | 1:14-cv-00405-RLY-TAB |
| MICHAEL PENCE, in his official capacity as Governor of the State of Indiana; GREGORY ZOELLER, in his official capacity as Attorney General for the State of Indiana; MICHAEL ALLEY, in his capacity as Commissioner of the Indiana Department of Revenue; and ANITA SAMUEL, in her official capacity as Executive Director of the Indiana Department of State Personnel, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

Plaintiffs, Michelle Bowling, Shannon Bowling, and Linda Bruner, all currently reside in Indiana and are members of same-sex marriages. Plaintiffs brought suit against the Defendants to challenge the constitutionality of Indiana Code Section 31-11-1-1(b), which states: "A marriage between persons of the same gender is void in Indiana even if the marriage is lawful in the place where it is solemnized." Plaintiffs and Defendants filed cross motions for summary judgment. For the reasons set forth below, the court **GRANTS** Plaintiffs' motion for summary judgment and **DENIES** Defendants' motion for summary judgment.

1

## I. Background

Michelle and Shannon were married in Polk County, Iowa on January 18, 2011. They currently reside in Marion County, Indiana, with Michelle's children from a prior relationship. Shannon is employed by the Department of Corrections of the State of Indiana. Through this employment, Shannon is eligible to participate in the State's benefit plans managed by Defendant, Anita Samuel, Executive Director of the Indiana Department of State Personnel; however, the state will not recognize Michelle as her spouse or Michelle's children for such benefits because of Section 31-11-1-1(b). This causes both parties economic harms and stigmatic harms.

Linda married her wife, Lori, on July 20, 2013, after nearly seven years of dating. Unfortunately, Linda's and Lori's marriage has reached a point where they have irreconcilable differences, and Linda has received a protective order against her wife. Linda filed a Petition for Dissolution of Marriage in the Marion Superior Court under Cause Number 49D05-1301-DR-3893. The Marion Superior Court dismissed the action, *sua sponte*, finding that it did not have subject matter jurisdiction because of Section 31-11-1-1. Linda filed a motion to correct errors, which the trial court denied. Linda plans to file her Notice of Appeal with the Indiana Court of Appeals.

## II. Standard

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." FED R. CIV. P. 56(a).  A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the particular issue.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On a motion for summary judgment, the burden rests with the moving party to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-movant to "go beyond the pleadings" and point to evidence of a genuine factual dispute precluding summary judgment.  *Id.* at 322-23.  "If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court must enter summary judgment against her." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 585-87); *see Celotex*, 477 U.S. at 322-24; *see also Anderson*, 477 U.S. at 249-52.

Prior to discussing the merits of the summary judgment motions, the court must decide several threshold issues.  First, the court must address Plaintiffs' motion to strike.  Second, the court must determine whether Defendants, Attorney General Zoeller, Governor Pence, and Michael Alley, Commissioner of the Indiana State Department of Revenue ("Department of Revenue Commissioner") are proper parties, and third, whether *Baker v. Nelson*, 409 U.S. 810 (1972) bars the present lawsuit.

### III.   Motion to Strike

Plaintiffs move to strike Defendants' cross-motion for summary judgment as untimely. The court notes that pursuant to Local Rule 7-1, "a motion must not be contained within a brief, response, or reply." As such, the court need not consider the motion to strike. Even if the court considered it, the court would deny this motion because the court's scheduling order was not intended to require Defendants to file cross motions for summary judgment by that date as evidenced by the proceedings in the court's earlier same-sex marriage cases, *Baskin*, *Fujii*, and *Lee*. Therefore, Plaintiffs' motion to strike is **DENIED**.

## IV.   Proper Party-Defendants

The proper defendants are those who bear "'legal responsibility for the flaws [plaintiffs] perceive in the system' and not one[s] from whom they 'could not ask anything . . . that could conceivably help their cause.'" *Sweeney v. Daniels*, No. 2:12-cv-81-PPS/PRC, 2013 WL 209047, * 3 (N.D. Ind. Jan. 17, 2013) (quoting *Hearne v. Bd. of Educ.*, 185 F.3d 770, 777 (7th Cir. 1999)). Defendants Zoeller, Pence, and Alley assert that they are not the proper parties. For the reasons explained below, the court finds that all three are proper parties.

### A.   Attorney General Zoeller

The court found in its prior decision in *Baskin v. Bogan*, that the Attorney General is a proper party defendant. *See Baskin v. Bogan*, No. 1:14-cv-355-RLY-TAB, 2014 WL 2884868 (S.D. Ind. June 25, 2014). Defendant Zoeller puts forth the same argument here that the court previously found to be unpersuasive. As such, the court reaffirms its prior holding that Attorney General Zoeller is a proper party.

### B. Governor Pence

The Governor has repeatedly represented to this court that he does not have "any authority to enforce, or other role respecting, Indiana Code Section 31-11-11-1." (Defendants' Memorandum in Support of Their Motion for Summary Judgment, Filing No. 26, at ECF p. 17). Based on this representation and an absence of statutory authority allowing the governor to issue executive decrees telling other elected officials how to do their jobs, the court previously granted summary judgment in favor of the Governor. *See Baskin*, 2014 WL 2884868 at * 4; *see also Love v. Pence*, No. 4:14-cv-15-RLY-TAB, 2014 WL 2884569. The court found that the general authority to enforce the laws was insufficient to show the governor was a proper party defendant. *See Love*, 2014 WL 2884569. Additionally, the court concluded that because the governor could not enforce Indiana's marriage laws, he could not redress the Plaintiffs' injuries. *See id.* Since that time, the Governor issued memoranda, through his attorney, and did what he claimed he could not do by directing executive agencies on how to proceed in enforcing the law. (See Memorandum from General Counsel to Governor Mike Pence, July 7, 2014 (hereinafter "July 7 Memorandum"), Plaintiffs' Exhibit 10). In light of this bold misrepresentation, the court must now revisit the issue.

In the July 7 Memorandum sent to "all executive branch agencies," the general counsel to the Governor expresses that he sent a memorandum on June 25, 2014 ("June 25 Memorandum"), the day of the court's order, directing all executive branch agencies to comply with the decision. (July 7 Memorandum). The memorandum also notes that after the Seventh Circuit issued a stay of the court's order, "the Governor's general

5

counsel instructed all executive branch agencies to stop any processes they had commenced in complying with the District Court order of June 25." (*Id.* at ¶ 3). On July 7, 2014, the Governor sent a memo stating that "Indiana Code § 31-11-1-1 is in full force and effect and executive branch agencies are to execute their functions as though the U.S. District Court Order of June 25, 2014 had not been issued." (*Id.*).

The memoranda issued by the Governor clearly contradict his prior representations to the court. The Governor can provide the parties with the requested relief as was evident by his initial memorandum on June 25, 2014, and he can enforce the statute to prevent recognition as evident by his correspondence on June 27 and July 7. Thus, the court finds that this case is distinguishable from the cases cited by Defendants because it is not based on the governor's general duty to enforce the laws. It is based on his specific ability to command the executive branch regarding the law. Therefore, the court finds that the Governor can and does enforce Section 31-11-1-1(b) and can redress the harm caused to Plaintiffs in not having their marriage recognized.

The next question is whether the Eleventh Amendment bars suit against the Governor. Under the Eleventh Amendment, a citizen cannot sue their state in federal court unless the state consents. However, the Supreme Court created an important exception to that immunity in *Ex Parte Young*. 209 U.S. 123 (1908). Under that doctrine, "a private party can sue a state officer in his or her official capacity to enjoin prospective action that would violate federal law." *Ameritech Corp. v. McCann*, 297 F.3d 582, 585-86 (7th Cir. 2002) (quoting *Dean Foods Co. v. Brancel*, 187 F.3d 609, 613 (7th Cir. 1999)). Because Plaintiffs seek an injunction to enjoin actions which violate

6

federal law, *Ex parte Young* applies. Nevertheless, the court must determine "whether the connection is sufficiently intimate to meet the requirements of Ex parte Young." *See Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979).

The court previously did not consider this connection because a general duty to enforce the laws is not enough. *See id.* As noted above, however, the governor has shown that he is willing and able to take affirmative action to enforce the statute as shown in his July 7 Memorandum. The governor's actions are similar to those of the governor of Utah as discussed by the Tenth Circuit in *Kitchen v. Herbert*, issued just hours after the court issued its opinion in *Baskin*. In finding the governor to be a proper party, the Tenth Circuit noted that "state agencies with responsibility for the recognition of out-of-state marriages are being directed by the Governor . . . ." No. 13-4178, 2014 WL 2868044, * 6 (10th Cir. June 25, 2014). The exercise of his authority along with the executive power being vested in the governor, provided the requisite connection to satisfy Ex parte Young.

Governor Pence is vested with the executive authority in Indiana and has exercised his authority to declare how state executive agencies should act. Thus, in accordance with *Kitchen*, the court finds that there is a sufficient connection to meet the Ex parte Young exception to Eleventh Amendment immunity.

    **C.    Commissioner Alley**

The court also found in *Baskin* that the Commissioner of the Indiana State Department of Revenue is a proper party. With no new arguments presented, the court reaffirms its holding here.

### V.     *Baker v. Nelson*

The court previously held that *Baker v. Nelson*, 409 U.S. 810 (1972) is no longer binding.  *See Baskin*, 2014 WL 2884868, * 6.  Since the court's decision, the Tenth and Fourth Circuit Courts of Appeal have also reached this conclusion.  *See Kitchen*, 2014 WL 2868044 at * 10.  *See Bostic v. Schaefer*, No. 14-1167, 2014 WL 3702493 ** 6-8 (4th Cir. Jul. 28, 2014).  Thus, the court reaffirms its holding and will proceed to evaluate the merits of this case.

### VI.    Equal Protection Clause

The court adopts its reasoning in *Baskin* that Section 31-11-1-1(b) violates the Equal Protection Clause and incorporates such reasoning here.  2014 WL 2884865 at ** 10-15.  There is no rational basis to single out one set of non-procreative couples for disparate treatment.  *See id.* at ** 13-15.  Therefore, as the court previously found, Section 31-11-1-1(b) violates the Equal Protection Clause of the Fourteenth Amendment.  *See id.*

### VII.   Other Claims

Plaintiffs set forth several other arguments that Section 31-11-1-1(b) is unconstitutional.  Specifically, Plaintiffs assert that this Section violates their due process rights to marry, access to courts, and right to travel; the Establishment Clause, and the Full Faith and Credit Clause.  As a matter of judicial restraint, the court will not consider these additional arguments because it has already found the law unconstitutional.  *See Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("A

8

fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.").

## VIII. Motion for Stay

Defendants filed a motion for Stay of Judgment Pending Appeal. Because the Seventh Circuit granted a stay in the cases previously before the court on this matter, the court **GRANTS** Defendants' motion (Filing No. 35) to stay the declaratory judgment and permanent injunction below.

## IX. Conclusion

The phenomenon that the court previously observed has continued to grow. Since issuing its prior orders, two circuit courts have found bans similar to Indiana's to be unconstitutional. This court reaffirms that conclusion today. Additionally, the court, after witnessing the Governor do what he claimed he could not do, reverses course and finds him to be a proper party to such lawsuits. The court wishes to reiterate that it finds the Governor's prior representations contradicting such authority to be, at a minimum, troubling. Therefore, the court **GRANTS** Plaintiffs' motion for summary judgment (Filing No. 19) and **DENIES** Defendants' motion for summary judgment (Filing No. 25). The court also **GRANTS** Defendants' motion for stay (Filing No. 35).

## ORDER

Pursuant to the reasoning contained above, the court **DECLARES** that Indiana Code § 31-11-1-1(b), both facially and as applied to Plaintiffs, violates the Fourteenth Amendment's Equal Protection Clause.

Having found that Indiana Code § 31-11-1-1(b) and the laws in place enforcing such violate the Plaintiffs' rights under the Equal Protection Clause, Defendants and their officers, agents, servants, employees and attorneys, and those acting in concert with them are **PERMANENTLY ENJOINED** from enforcing Indiana Code Section 31-11-1-1(b) and other Indiana laws preventing the equal treatment of same-sex marriages to opposite-sex marriages. Additionally, Defendants and officers, agents, servants, employees and attorneys, and those acting in concert with them**,** are **PERMANENTLY ENJOINED** from enforcing or applying any other state or local law, rule, regulation or ordinance as the basis to deny marriage to same-sex couples otherwise qualified to marry in Indiana, or to deny married same-sex couples any of the rights, benefits, privileges, obligations, responsibilities, and immunities that accompany marriage in Indiana.

Specifically, this permanent injunction requires the following, and the court **ORDERS** the following:

1. The Governor, his officers, agents, servants, employees and attorneys, and all those acting in concert with him, are **PERMANENTLY ENJOINED** to recognize same-sex marriages that, but for their sex, satisfy all the requirements to marry under Indiana law.  This includes directing all executive agencies to take actions to comply with this court's order to afford same-sex marriages the same rights, responsibilities, and benefits as opposite-sex marriages.

2. The Attorney General, Greg Zoeller, his officers, agents, servants, employees and attorneys, and all those acting in concert with them, are

>  **PERMANENTLY ENJOINED** from prosecuting or assisting in the prosecution, using his authority from Indiana Code § 4-6-1-6, of Indiana Code § 35-44.1-2-1 (perjury) as applied to same-sex couples who use and sign under the penalty of perjury government forms that require the individuals to fill out information based on gender, such as marriage license applications.
>
> 3. The Commissioner of the Indiana State Department of Revenue, his officers, agents, servants, employees and attorneys, and all those acting in concert with them, are **PERMANENTLY ENJOINED** to exercise their authority under Indiana Code § 6-8.1-3 to revise the filing guidelines to allow and process joint tax returns for same-sex married couples as they do for opposite-sex married couples.
>
> 4. The Executive Director of the Indiana Department of State Personnel, her officers, agents, servants, employees and attorneys, and all those acting in concert with them, are **PERMANENTLY ENJOINED** to offer employee benefits and all other human resource services to same-sex married couples as they do for opposite-sex married couples.

This Order is stayed until the Seventh Circuit rules on the merits of this case or one of the related cases of *Baskin v. Bogan*, *Lee v. Pence*, and *Fujii v. Pence*. Should the Seventh Circuit stay its decision in the related cases, this order shall remain stayed.

**SO ORDERED** this 19th day of August 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.